UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARMONIC INVESTMENT MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 06 C 2825 |
| v. | ) ) | Judge Virginia M. Kendall |
| GREG CASALS, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Greg Casals ("Defendant") has filed a petition to compel arbitration of all three counts of Harmonic Investment Management, Inc.'s ("Plaintiff") Complaint pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Plaintiff complains of breach of promissory note, breach of employment contract and breach of fiduciary duty. Plaintiff does not dispute that the breach of contract and the breach of fiduciary duty claims are subject to the employment contract's arbitration clause. The remaining issue is whether the breach of Promissory Note claim falls within the scope of the employment contract's arbitration clause. Because Plaintiff's breach of promissory note claim "arises under" and is "in connection with" the employment contract and because the consent to jurisdiction provision in the promissory note governs only the appropriate jurisdiction for litigation, and not the arbitrability of the issues, Defendant's Petition to Compel Arbitration is granted.

**Background**

In 2004, R.J. O'Brien & Associates ("RJO") acquired Harmonic Investment Management LLC ("Harmonic LLC"). (Compl. ¶ 6.) At the time of acquisition, Defendant was a managing partner of Harmonic LLC. (*Id.* ¶ 7.) Pursuant to the purchase agreement, Defendant became Vice-President of the newly-formed subsidiary, Harmonic Investment Management, Inc. (*Id.*) Plaintiff

and Defendant executed an employment agreement ("Employment Contract") dictating the terms of Defendant's employment. (*Id.*) As part of this agreement, Defendant executed and delivered a promissory note in the amount of $25,000 (the "Promissory Note"). (*Id.* ¶ 8.)

The Employment Contract contains an arbitration clause stating that "[a]ny dispute or controversy arising under or in connection with the Agreement . . . shall be settled by binding arbitration." (Pl.'s Resp., Ex. 3.) Additionally, the Employment Contract refers to the Promissory Note stating, "[i]n connection with the purchase . . . Employer has agreed to lend Employee the sum of Twenty-Five Thousand and No/100 Dollars ($25,000) . . . [t]hat loan shall be evidenced by a promissory note in the form attached hereto . . . and incorporated herein by reference." (*Id.*) Finally, the Promissory Note contains a Consent to Jurisdiction clause, which states, "[t]he maker agrees that any litigation based hereon, or arising out of or in connection with this note shall be brought and maintained exclusively in the state or federal courts located in the State of Illinois." (Pl.'s Resp., Ex. 2.)

## DISCUSSION

The FAA embodies a federal policy broadly favoring arbitration and states, "an agreement in writing to submit to arbitration . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006); *see Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-226 (1987) (the FAA "establishes a federal policy favoring arbitration [and] requiring that we rigorously enforce agreements to arbitrate") (quotations omitted). Congress designed the FAA to govern the "enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal court." *Jane v. Mere*, 51 F.3d 686, 688 (7th Cir. 1995). Whether the parties agreed to arbitrate a particular issue usually is a question for the court and not the arbitrator to decide. *See AT & T Technologies, Inc.*

2

*v. Communication Workers,* 475 U.S. 643, 649-650 (1986) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator"); *Galasso v. KNS Companies, Inc.*, 845 N.E.2d 857, 860 (Ill. App. Ct. 2006) (issue of arbitrability determinable only by the courts).

When petitioning to compel arbitration pursuant to the FAA, the moving party must demonstrate: (1) the existence of a written agreement to arbitrate; (2) that the dispute is within the scope of the arbitration agreement; and (3) that there is a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Plaintiff does not dispute that the Employment Agreement containing the arbitration clause is valid or that it refuses to arbitrate the breach of Promissory Note claim. Therefore, the remaining issue concerns the scope of the arbitration agreement; specifically, whether or not the alleged breach of Promissory Note is subject to arbitration. In determining "whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Illinois contract law thus governs whether the written agreement to arbitrate is valid, and whether the particular dispute falls within the scope of the agreement. *See Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 367 (7th Cir. 1999). Like federal policy, Illinois law favors arbitration as a means of resolving disputes. *See Jensen v. Quik International*, 213 Ill.2d 119, 128-29 (2004). However, "an arbitration agreement will not be extended by construction or implication." *Bd. of Managers of Chestnut Hills Condo. Ass'n v. Pasquinelli*, 822 N.E.2d 12, 16 (Ill. App. Ct. 2004).

Plaintiff argues two grounds for finding that the breach of Promissory Note claim is not subject to arbitration: (i) the Promissory Note is a separately executed agreement that does not "arise under" and is not "in connection with" the Employment Contract; and (ii) the consent to jurisdiction

3

clause contained in the Promissory Note precludes arbitration.

**I.     The Promissory Note "Arises Under" and is "in Connection with" the Employment Contract**

"To determine the scope of [an arbitration clause], the court must examine both the wording of the particular clause and the terms of the parties' contract." *J & K Cement v. Montalbano Builders, Inc.*, 456 N.E.2d 889, 895 (Ill. App. Ct. 1983). The arbitration clause contained within the Employment Contract states: "[a]ny dispute or controversy arising under or in connection with this agreement . . . shall be settled by binding arbitration." (Pl.'s Resp., Ex. 3.) The "primary objective of contract construction is to give effect to the intention of the parties . . . [w]here the terms in an agreement are clear and unambiguous, they will be given their ordinary and natural meaning." *Harrison v. Sears, Roebuck & Co.*, 546 N.E.2d 248, 253 (Ill. App. Ct. 1989). The phrases "arising from," "arising out of" or "relating to" are interpreted very broadly, *J & K Cement*, 456 N.E. 2d at 895, such that this language "necessarily create[s] a presumption of arbitrability." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999.

Both the language of the Employment Contract and its contemporaneous execution with the Promissory Note indicate that the Promissory Note was not executed separately from the Employment Contract. Under Illinois contract law, "one instrument may incorporate another instrument by reference." *Turner*, 543 N.E.2d at 421. For incorporation by reference to occur, "the contract must show an intent to incorporate the other document and make it part of the contract." *Harrison*, 546 N.E.2d at 253. Besides express language, this intent can be shown "where two or more instruments are executed by the same contracting parties in the course of the same transaction." *In re Estate of Croake*, 578 N.E.2d 567, 568 (Ill. App. Ct. 1991).

The Employment Contract and the Promissory Note arose out of the same transaction – the

acquisition of Harmonic LLC. Indeed, the Employment Contract makes reference to the fact that the Promissory Note was executed "[i]n connection with the purchase" of Harmonic LLC. (Pl.'s Resp., Ex. A.) More important, the Employment Contract expressly incorporates the Promissory Note stating, "the loan shall be evidenced by a promissory note in the form attached hereto . . . and incorporated herein by reference." (Pl.'s Resp., Ex. 3.) Plaintiff asserts that the Employment Contract does not incorporate the Promissory Note because an identical unsigned form of the Promissory Note, not the actual signed Note, was attached to Employment Contract. Yet, nothing in the quoted language indicates that the signed Promissory Note is required to be or would be attached. The quoted language states only that (i) the loan would be evidenced by a promissory note – it was; (ii) in the form attached hereto – it was; and (iii) incorporated herein by reference – it is. Furthermore, such a technicality could not trump the clear intent of the parties, expressed through the incorporating language, to "make [the Promissory Note] part of the contract." *See Harrison*, 546 N.E.2d at 253.

Because of the broad language of the arbitration clause, and because the Employment Contract and the Promissory Note were executed "in connection" with one another, the alleged breach of the Promissory Note is subject to the arbitration agreement contained within the Employment contract.

**II.    The "Consent to Jurisdiction" Clause of the Promissory Note Does Not Preclude Arbitration**

Because Plaintiff and Defendant executed the Promissory Note and the Employment Contract "in the course of the same transaction" and the Employment Contract incorporated the Promissory Note by reference, the two contracts are, "in the eyes of the law, one contract" and must be construed together. *In re Croake*, 578 N.E.2d at 568. The Consent to Jurisdiction clause applies to *litigation*

5

"based herein or arising out of or in connection with" the Promissory Note, and the arbitration clause governs *all disputes* "arising under or in connection with" the Employment Contract. Reading the two clauses together, if the parties decide to litigate a dispute arising out of the Promissory Note, Illinois state or federal courts would be the proper jurisdiction; but nothing in the Consent to Jurisdiction clause addresses whether a particular issue must be litigated. In contrast, the arbitration clause of the Employment Contract states that all disputes arising in connection with it shall be settled by arbitration. Read as such, the consent to jurisdiction clause and the arbitration clause do not contain contrary or conflicting provisions, and therefore, the breach of Promissory Note claim is subject to the Employment Contract's arbitration clause.

## Conclusion and Order

Wherefore, Defendant's Petition to Compel Arbitration is granted and Plaintiff's Complaint is dismissed. The Petition is granted with respect to the breach of contract and the breach of fiduciary duty claims because Plaintiff concedes that the claims are subject to the arbitration clause of the Employment Contract. The Petition is granted with respect to the breach of Promissory Note claim because it "arises under" and is "in connection with" the Employment Contact and the Consent to Jurisdiction clause does not preclude arbitration of the claim.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: November 17, 2006